UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHN P. BOHANNON, as Administrator for the
Estate of Kazimiera Dolik,

       Plaintiff,      **ORDER**

 - v -

                CV-06-5689 (JG)(VVP)

ACTION CARTING ENVIRONMENTAL
SVC. INC., et al.,
       Defendants.
-------------------------------------------------------------------x

   By letter dated June 21, 2007, the plaintiff seeks an order compelling the defendants to provide various items of discovery sought by written requests for production. In response, by letter dated June 28, 2007, the defendants contend that the discovery sought by the plaintiff is improper because the complaint improperly pleads a claim for negligent hiring and a claim for punitive damages.[1] Although the case cited in support of their argument, *Marcoux v. Farm Service and Supplies, Inc.*, 283 F. Supp. 2d 901 (S.D.N.Y. 2003), contains some language in dicta concerning the viability of claims for negligent hiring against an employer where a claim for negligence is asserted against an employee, it provides little guidance on the discovery dispute before the court. The issue before the court is not whether the complaint properly pleads the claims asserted; that issue is reserved for motions to dismiss or for summary judgment, neither of which have been made. Rather, the court must decide the question of discovery based on the claims that are pleaded, regardless of whether the claims are ultimately viable. Upon review of the discovery requests disputed by the defendants, they all appear to be reasonably calculated to lead to admissible evidence, the standard by which the requests are judged. *See* Fed. R. Civ. P. 26(b)(1).

   Accordingly, the plaintiff's application is granted and the defendants are hereby ordered to produce the following documents for inspection and copying within ten days:

   1.  Action Carting shall produce (a) statements of witnesses; (b) service and maintenance records of the subject vehicle; (c) employee/personnel files of

---

[1] In their response, the defendants also complain about the plaintiff's failure to provide certain information they have requested, but do not seek judicial intervention. Accordingly, the court does not address that aspect of the defendants' letter at this time.

Charles Patterson; (d) disciplinary records related to Charles Patterson; (e) employee manuals/handbooks; and

2. Patterson shall produce (a) personal driving records; (b) statements made to third parties; (c) vehicle service records; (d) disciplinary records; (e) employee handbook/manuals.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 29, 2007